UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62738-CIV-COHN/SELTZER

SUN COMMODITIES, INC., d/b/a
SUN INTERNATIONAL, a Florida corporation,

      Plaintiff,

v.

C.H. ROBINSON WORLDWIDE, INC.,
a Delaware corporation,

      Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant C.H. Robinson Worldwide,

Inc.'s Motion to Dismiss, or in the Alternative, Motion to Transfer Venue [DE 7] ("Motion

to Dismiss or Transfer").  The Court has considered the Motion to Dismiss or Transfer,

Plaintiff Sun Commodities, Inc. d/b/a Sun International's Response [DE 24],

Defendant's Reply [DE 25], Plaintiff's Surreply [DE 30], and the record in this case, and

is otherwise fully advised in the premises.

### I. BACKGROUND

On August 29, 2011, Plaintiff Sun Commodities, Inc., d/b/a Sun International

hired Priscilla Rodriguez, a former employee of Defendant C.H. Robinson Worldwide,

Inc.[1]  First Amended Complaint [DE 1-3 at 1-4] ¶¶ 5, 6.  Years before, Ms. Rodriguez

and Defendant had executed a Subsidiaries Confidentiality and Noncompetition

Agreement [DE 1-3 at 5-8] ("Agreement") with Defendant.  Under the Agreement, for a

---

[1]     Ms. Rodriguez is not a party to this action.

two-year period following her termination from employment with Defendant, Ms.
Rodriguez was prohibited from directly or indirectly soliciting, selling, or rendering
services "to or for the benefit of any Competing Business . . . with any customer or
prospective customer of the Company with whom [she] worked or had regular contact,
or on whose account [she] worked, at any time during the last two years of [her]
employment with the Company." Agreement § IV(C)(1). The Agreement also
prohibited Ms. Rodriguez from recruiting Defendant's employees "for employment with
or on behalf of any Competing Business" and from "[c]aus[ing] or attempt[ing] to cause
any customer of the Company to divert, terminate, limit or in any manner modify or fail
to enter into any actual or potential business relationship with the Company." Id. §
IV(C)(2), (3). The "Governing Law" provision of the Agreement stated that "the law of
the State of Minnesota shall govern the enforceability of this Agreement," id. § IX, and
"any legal action brought to enforce the terms of this Agreement shall be brought in
Hennepin County District Court, State of Minnesota or the United States District Court
for the District of Minnesota," id.

Despite the fact that Plaintiff is not a party to the Agreement,[2] Plaintiff filed this
action to seek "a declaratory judgment that the Agreement is unenforceable under
Minnesota law due to a lack of consideration, or alternatively, what [Plaintiff] is obligated
to direct Ms. Rodriguez to do to enable [Plaintiff] to avoid interfering with . . . the rights
in the Agreement . . ." Am. Compl. at 4. In the instant motion, Defendant seeks to
dismiss the First Amended Complaint for lack of standing. Alternatively, Defendant
requests either dismissal for improper venue or transfer.

---

[2]      Plaintiff admits that it is not a party to the Agreement. Resp. at 3.

## II. DISCUSSION

A claim cannot proceed in federal court if the plaintiff does not have standing. Valley Forge Christian Coll. v. Am. United for Separation of Church & State, 454 U.S. 464, 471 (1982).  A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) encompasses both challenges based on the court's lack of federal subject matter jurisdiction and challenges based on lack of standing.  Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." (internal quotations omitted)); see also Holy Cross Hosp., Inc. v. Baskot, No. 10-62133-CIV, 2010 WL 5418999, at *2 (S.D. Fla. Dec. 23, 2010) ("Standing is jurisdictional in nature; therefore, Defendants proceeded under Rule 12(b)(1) to dismiss Count I for lack of standing.").

The constitutional standing analysis requires the plaintiff to demonstrate that: (1) the plaintiff suffered an injury in fact; (2) the injury was causally connected to the defendant's action; and (3) the injury will be redressed by a judgment in the plaintiff's favor.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  Defendant contends that Plaintiff does not meet any of these elements.  The Court agrees.  In essence, there is no injury in the first place because Plaintiff is neither a party to nor a third-party beneficiary of the Agreement it seeks to challenge.

Under Florida law, a plaintiff who is neither a party to nor a third-party beneficiary of a contract may not sue for breach of that contract, even if the plaintiff receives some incidental or consequential benefit from the contract.  See Intercoastal Realty, Inc. v. Tracy, 706 F. Supp. 2d 1325, 1329 (S.D. Fla. 2010).  Thus, here, Plaintiff cannot

challenge the Agreement's enforceability or interpretation.  See id.; Metropolitan Life

Ins. Co. v. McCarson, 467 So. 2d 277, 279 (Fla. 1985) ("It is axiomatic in contract law

that an incidental beneficiary cannot enforce the contract."); Greenacre Props., Inc. v.

Rao, 933 So. 2d 19, 23 (Fla. Dist. Ct. App. 2006) ("As a general rule, a person who is

not a party to a contract cannot sue for a breach of the contract even if the person

receives some incidental benefit from the contract."); see also Bochese v. Town of

Ponce Inlet, 405 F.3d 964, 983-84 (11th Cir. 2005) (finding individual who was not an

intended beneficiary of a contract "had no 'legally cognizable interest' in that agreement

and therefore lack[ed] standing to challenge its rescission."); Serefex Corp. v. Hickman

Holdings, LP, 695 F. Supp. 2d 1331, 1344 (M.D. Fla. 2010) (holding that plaintiff failed

to establish injury in fact because plaintiff was not a party or an intended third-party

beneficiary to the contract it sought to challenge).

      In its Response, Plaintiff attempts to distinguish Defendant's case law.  Plaintiff

argues that two of Defendant's cases concern a non-party to a non-compete contract

asking for declaratory relief that would interpret the non-compete contract.  See Resp.

at 2 (citing Eaton Vance Mgmt. v. Forstmanneleff Assocs., LLC, No. 06 Civ 1510

(WHP), 2006 WL 2331009, at *6 (S.D.N.Y. Aug. 11, 2006), and Premier Pyrotechnics,

Inc. v. Zambelli Fireworks Mfg. Co., No. 05-CV-SFJG, 2005 WL 1307682, at *2 (W.D.

Mo. May 31, 2005).  However, the fact that these cases sought interpretation of the

non-compete contracts is not a distinction from the instant facts, but rather a similarity.

Like Eaton, where the court held that a new employer did not have standing to pursue

an action determining the enforceability and interpretation of a contract between the

employee and the employee's former employer, here too, Plaintiff does not have

standing to pursue its action regarding Ms. Rodriguez's Agreement with Defendant.

See Eaton, 2006 WL 2331009, at *6.  Further, like Premier Pyrotechnics, where "the

relief requested [wa]s the interpretation of a contract to which plaintiff [wa]s not a party,"

Premier Pyrotechnics, 2005 WL 1307682, at *2, the plaintiff there, just like Plaintiff here

"[did] not have standing to pursue this declaratory judgment action," id.

Plaintiff also attempts to distinguish Defiance Hosptial, Inc. v. Fauster-Cameron,

Inc., 344 F. Supp. 2d 1097 (N.D. Ohio 2004), but once again, this case supports

dismissal for lack of standing.  There, as here, where "Plaintiffs [were] neither parties to

the employment contracts between the Clinic employees and the Clinic, nor [were] they

third-party beneficiaries[,] . . . plaintiffs lacked standing to sue to enforce or void the

employment contracts."  Id. at 1118.

Additionally, Plaintiff suggests that the fact that it is not a party to the Agreement

should not matter because in addition to seeking a determination as to the

enforceability of the Agreement, Plaintiff also requests a declaration regarding to whom

Ms. Rodriguez can sell produce.  Resp. at 2.  This argument is inapposite.  A

declaration regarding to whom Ms. Rodriguez can sell produce under the Agreement

necessarily requires interpretation of the Agreement.  An entity who is not a party to or

an intended beneficiary of a contract cannot sue to enforce or interpret a contract.  See

Greenacre, 933 So. 2d at 23; see also supra.  Plaintiff cites no authority distinguishing

the relief it seeks from the relief sought in any of the aforementioned cases where

similar claims failed as a matter of law for lack of standing.  Accordingly, the Court finds

that dismissal is warranted because Plaintiff lacks standing to challenge the

enforcement of and seek interpretation of the Agreement between Defendant and Ms.

Rodriguez.

Despite Plaintiff's request for permission to file a Second Amended Complaint, dismissal will be with prejudice.  See, e.g., Serefex, 695 F. Supp. 2d at 1344 (dismissing with prejudice claim to invalidate contract where plaintiff, a non-party to the agreement, lacked standing); Eaton, 2006 WL 2331009, at *6 (dismissing action to determine enforceability and interpretation of a contract without providing leave to amend where plaintiff, a non-party to the agreement, lacked standing);  Defiance Hosp., 344 F. Supp. 2d at 1118-19 (granting summary judgment for defendant on claim for interference with recruiting efforts and unreasonable non-competition agreements where plaintiff, a non-party to the agreement, lacked standing); see also Bochese, 405 F.3d at 983-84 (affirming summary judgment dismissal of claim challenging contract's rescission where plaintiff, a non-party to the agreement, lacked standing).  In requesting leave to amend, Plaintiff contends that it can "add allegations that further distinguish the present facts from those in the three cases cited by [Defendant]," Resp. at 3, but Plaintiff had an opportunity to present such facts in briefing this motion and failed to do so.  Plaintiff also has not identified any legal authority to support its standing to bring its claims.  Defendant further notes that Plaintiff previously proposed that the parties stipulate to an agreed order permitting Plaintiff to file a Second Amended Complaint, but when Defendant asked for additional information about how Plaintiff intended to correct the standing deficiency, Plaintiff failed to provide the requested information. Reply at 2; Declaration of Seth P. Robert [DE 26-1].[3]  As such, dismissal will be with

---

    [3]      Because the First Amended Complaint will be dismissed for lack of standing, the Court does not reach Defendant's arguments regarding improper venue.

prejudice.

Finally, Defendant filed a Request for Oral Argument on its Motion to Dismiss or Transfer [DE 8].  Because the Court finds that oral argument is unnecessary, this request will be denied.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows;

1.    Defendant C.H. Robinson Worldwide, Inc.'s Motion to Dismiss, or in the Alternative, Motion to Transfer Venue [DE 7] is **GRANTED**;

2.    Plaintiff Sun Commodities, Inc. d/b/a Sun International's First Amended Complaint [DE 1-3] is **DISMISSED with prejudice**;

---

However, the Court does acknowledge that the Agreement includes a forum selection clause identifying Minnesota as the proper forum for any legal actions brought to enforce the terms of the Agreement.  When there is a valid forum selection clause in a contract, the party opposing the clause's enforcement bears the burden of demonstrating that the selected forum is sufficiently inconvenient to justify retention of the dispute in Plaintiff's chosen forum.  In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989); see also P&S Bus. Machines, Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003).  As the party opposing enforcement of the forum selection clause in this case, Plaintiff bears the burden of demonstrating that the Minnesota forum is sufficiently inconvenient to justify retaining the dispute in this Court.  Plaintiff has not met its burden.  There is no evidence that requiring Plaintiff to litigate in Minnesota would be so unfair or inconvenient as to effectively deprive Plaintiff of a remedy.  See Davis v. Avvo, Inc., No. 8:10-cv-2352-T-27, 2011 WL 4063282, at *4 (M.D. Fla. Sept. 13, 2011).

Plaintiff's Surreply suggests that a Minnesota Court would not have personal jurisdiction over Plaintiff, but Plaintiff cites no authority for the proposition that personal jurisdiction over the plaintiff is relevant, especially where the transferee court undoubtedly has personal jurisdiction over the defendant.  Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought."  Plaintiff could have brought this action in Minnesota.

3.      Defendant C.H. Robinson Worldwide, Inc.'s Request for Oral Argument

on Motion to Dismiss or, in the Alternative, Motion to Transfer Venue [DE

8] is **DENIED**;

4.      Any other pending motions are **DENIED as moot**, and the Clerk of Court

is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, on this 23rd day of February, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF